■   In the Matter of the Dissolution of SAHARA BEACH CLUB, INC., Formerly Known as BREAKERS AT LIDO INC. SIDNEY FRENCHMAN et al., Appellants; AL MEYERS et al., Respondents.— In a proceeding for the voluntary dissolution of a corporation pursuant to article 9 of the General Corporation Law, the appeals are (1) from an order dated January 4, 1957 referring the matter to a referee to hear and report on three questions, (a) Are the directors of Sahara Beach Club, Inc., unable to agree on a matter of corporate management, (b) Would dissolution be noninjurious to the public, and (c) Would dissolution be beneficial to the shareholders, and (2) from so much of an order dated February 21, 1957 as denied a motion to vacate a notice to examine appellant Benjamin Wein before trial.   Order dated January 4, 1957, and order dated February 21, 1957 insofar as appealed from affirmed, with $10 costs and disbursements.   The examination before trial shall proceed on five days' notice.   The papers submitted on the motion for a reference sufficiently indicate on their face that there is a deadlock in the management of the corporation's affairs within the purview of section 103 of the General Corporation Law, and that dissolution would be noninjurious to the public and beneficial to the shareholders.   The Special Term, therefore, had discretion to entertain the application (General Corporation Law, § 106) and, upon the return of the order to show cause, to appoint a referee (General Corporation Law, § 112).   We do not now decide whether or not dissolution should be ordered.   That question must be determined by the referee after a hearing. (*Matter of Fulton-Washington Corp.* [*Burkin-Katz*], 2 A D 2d 981.)   In our opinion, a proceeding for the dissolution of a corporation under article 9 of the General Corporation Law is a special proceeding to which the provisions of section .308 of the Civil Practice Act are applicable.   The Special Term had the power, in its discretion, to permit the examination before trial, and we find no abuse of discretion.   Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur.

■   In the Matter of MARY SCHMIDT, Respondent. THEODORE H. SCHMIDT, Appellant.— In a habeas corpus proceeding, the appeal is from an order, made on reargument, awarding custody of two children of the parties to the respondent, and granting visitation rights to the appellant, on condition that he pay a stated amount of money for the support of the children.   Order unanimously affirmed, without costs.   No opinion.   Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.