■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN NIXON, Appellant.—Judgment of the Supreme Court, New York County (John A.K. Bradley, J.), rendered on November 14, 1986, convicting defendant, after a jury trial, of three counts of robbery in the first degree and one count of grand larceny in the third degree, and sentencing him to concurrent indeterminate terms of from 7 to 21 years' imprisonment for each of the robbery counts and from 1 to 3 years' imprisonment for the grand larceny count, unanimously affirmed.

Defendant was convicted of three separate robberies of young women committed in the Frederick Douglass Housing Projects located in upper Manhattan during a two-week period in 1985.

Contrary to defendant's assertions, the hearing court did not commit reversible error in denying defendant's request that complainant Sandos and her daughter be produced at the *Wade* hearing. The evidence raised no substantial issues as to the constitutionality or suggestiveness of the lineups which could not properly be resolved without testimony from the identification witnesses and where the defendant's production request was based upon mere speculation. *(See, People v Chipp,* 75 NY2d 327.)

Defendant has failed to preserve for appellate review, by timely objection, his contentions that he was denied a fair trial by the prosecutor's failure to provide *Rosario* material at trial, that the trial court conducted a material portion of the trial in the defendants absence, and that the prosecutor elicited testimony from the police officers who conducted the lineups which improperly bolstered the complainants' credibility. Were we to consider those contentions, in the interest of justice, we would nonetheless affirm. The record reveals that an officer's pretrial notes of an interview with a defense alibi witness did not directly relate to the subject matter of the officer's direct testimony, and therefore did not constitute *Rosario* material (CPL 240.45 [1] [a]; *People v Poole,* 48 NY2d 144). Moreover, the defendant was, in fact, present at all stages of the trial material to the determination of his guilt or innocence *(see generally, People v Cain,* 76 NY2d 119). Finally, the police officers' testimony as to the procedures employed during the respective lineups did not improperly bolster the identification testimony of the complainants.

Lastly, we note the evidence of defendant's guilt was overwhelming. Concur—Kupferman, J. P., Sullivan, Asch, Milonas and Kassal, JJ.