■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD WILK, Appellant, v ANDREW P. MELONI, as Monroe County Sheriff, et al., Respondents.—Judgment unanimously affirmed. Memorandum: We need not decide whether the principle established by *People v Rosario* (9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765) applies to preliminary parole revocation hearings. Here, the materials requested by counsel for relator were not in the possession or control of the Division of Parole. Thus, the Division of Parole was under no obligation to furnish those materials to relator *(People v Bailey,* 73 NY2d 812; *People v Tissois,* 72 NY2d 75, 78; *People v Fishman,* 72 NY2d 884; *People v Reedy,* 70 NY2d 826, 827; *People v Letizia,* 159 AD2d 1010, *lv denied* 76 NY2d 738). It was not error to preclude the testimony of the witness sought to be called at the preliminary hearing because her testimony did not relate to the charge under consideration. (Appeal from Judgment of Monroe County Court, Marks, J.—Habeas Corpus.) Present—Denman, J. P., Boomer, Lawton, Lowery and Davis, JJ.

■ In the Matter of JOHN TYLEC, Respondent, v NIAGARA COUNTY LEGISLATURE et al., Appellants. FLOYD SNYDER, as Niagara County Republican Chairman, Proposed Intervenor-Appellant.—Judgment unanimously affirmed without costs. Memorandum: At the outset, we note that this action, framed as a request for CPLR article 78 relief, should be converted to a demand for declaratory judgment (CPLR 103 [c]; *Kamhi v Town of Yorktown,* 141 AD2d 607, 609, *affd* 74 NY2d 423). Upon converting the action to one for declaratory judgment, we agree with the declaration of Supreme Court that the redistricting plan enacted by the Niagara County Legislature is invalid. The plan submitted to the Legislature on April 15th was not in final form and was different from the plan submitted on April 16th and passed by the Legislature on April 23rd. Thus, it violated the seven-day requirement of section 20 (4) of the Municipal Home Rule Law. It was not an abuse of discretion for the Court to deny the motion of the proposed intervenor. (Appeal from Judgment of Supreme Court, Niagara County, Koshian, J.—Article 78.) Present—Dillon, P. J., Denman, Green, Pine and Lawton, JJ. (Order entered June 25, 1991.)