■ The People of the State of New York, Respondent, v Elliot Goldman, Appellant.—Judgment, Supreme Court, New York County (FitzGerald, J.), rendered on April 29, 1988, convicting defendant, after a trial by jury, of bribing a witness and criminal solicitation in the fourth degree and sentencing him to an indeterminate term of one to three years and a term of one year in prison, respectively, and order of the same court, entered on or about November 21, 1989, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Defendant, a private investigator, was convicted of bribing a witness in a wrongful death action brought against the City and other defendants. The case against defendant rested primarily on a recording of a conversation he had had with the potential witness in that action.

We find that the proof was sufficient to support the verdict and that the verdict was not against the weight of the evidence. The record amply supports the jury's determination

that the money offered by defendant to the witness was not simply to recompense the witness for the time he would spend in testifying truthfully but was in exchange for his testifying in a way that would be favorable to the client of defendant's employer.

Defendant's claims that potential defense witnesses were tampered with by the prosecution are not preserved for review. Moreover, were we to review them in the interest of justice we would find that they are not supported by the record. There is no indication that the prosecutor ever tried to encourage or threaten any witness into testifying in a certain manner (cf., People v Shapiro, 50 NY2d 747). In particular, we note that the record does not support the finding urged by defendant that the prosecutor threatened to prosecute potential defense witness Joseph Ferranti if he testified for the defendant, but, rather, that the prosecutor threatened to prosecute him if he refused to testify in the grand jury against Theodore Friedman, defendant's employer. Ultimately, Ferranti did testify against Friedman under a grant of immunity. Additionally, we note that the record at the hearing held on this issue does not make clear the breadth of the prosecutor's demand for law office records from a potential attorney witness. While, if overly broad, such a demand would not have been supportable, trial counsel did not pursue his motion for a protective order and the record before us fails to show that this attorney, who did not testify at the hearing, was ever seriously considered as a potential witness.

We find that the court was within its discretion when it restricted the defendant's personal access to and his counsel's use in cross-examination of portions of a transcript of a telephone conversation between Friedman and the potential witness whom defendant was charged with bribing (CPL 240.50).

We also reject defendant's argument, made in his motion to vacate the judgment, that his conviction may not stand because he was denied access to certain materials to which he claims he was entitled as both Rosario and Brady material. The motion concerned two items, both of which came to defendant's attention when they were released to the defense in the Friedman trial, which was held after defendant's conviction and which resulted in an acquittal. The first is an internal memorandum written by the City's attorney in the underlying civil case which contradicted her testimony at defendant's trial concerning the strength of the City's case. Defendant argues that this memorandum would have been of

use to him in his argument that the position of his employer's client in the civil action was so strong that there would have been no need to bribe a witness. However, according to the affidavit submitted by ADA Moscow on defendant's CPL article 440 motion, the People were not in possession of this memorandum at the time of defendant's trial. While defendant relies on the fact that the City's files were subpoenaed by the District Attorney's office in February, 1987, prior to defendant's trial in April, 1987, defendant declined a hearing to explore the validity of the People's factual assertions regarding their non-possession of the memorandum and defendant may not now claim that the People were in fact in possession of the disputed document.

Defendant also argues that he was entitled to receive, as both *Rosario* and *Brady* material, certain notes made by Detective Santiago Martinez. The first part of the notes contained various entries, many of which had nothing to do with the case at bar. Other entries were concerned with this case. These included various names and addresses, a few cryptic remarks about other persons involved in the case who had once been considered as targets for investigation, notes on Martinez's research into defendant's prior indictment, notes of things the detective planned to do, notes of a conversation Martinez had with the officer who responded to the scene of the accident stating, "Memo book. Anyone accompanied to hosp. Excepted older person does not remember [how door was opened]." The second portion of these notes consisted of a proposed script which Martinez had drawn up for use by the witness defendant was charged with bribing in anticipation of a second conversation between the witness and defendant, which conversation never took place.

We agree with the trial court that these notes did not relate to the subject of Martinez's testimony on direct and were therefore not *Rosario* material *(see, People v Nixon,* 166 AD2d 170; *People v Fridman,* 162 AD2d 136). Martinez testified on direct solely with respect to the technical and logistical details of the recording of the conversation between defendant and the witness, so as to establish a foundation for the introduction of that tape. The notes in question do not relate in any way to that testimony. Nor did the notes constitute *Brady* material, since they were in no way exculpatory. The fact that the officer prepared suggestions for a potential second conversation, did not contradict the witness' trial testimony, in which he essentially admitted that he had been prepared for the first conversation. Moreover, since no entrapment defense

was asserted, the issue of whether the witness had been coached would be irrelevant to the question of defendant's guilt.

We have examined defendant's remaining contentions and find that they are without merit. Concur—Carro, J. P., Milonas, Ellerin and Rubin, JJ.