■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FAISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered June 20, 1988, convicting him of murder in the second degree (two counts), attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The facts underlying this appeal are set forth in the decision of the appeal of the codefendant Charles Shepherd *(see, People v Shepherd,* 176 AD2d 766 [decided herewith]).

Contrary to the defendant's contention, his conviction need not be reversed as a result of an alleged *Rosario* violation by the prosecution. Subsequent to the testimony of the prosecution's primary witness to the instant robbery-homicide, coun-

sel for the codefendant Charles Shepherd requested that the witness be recalled for further testimony in light of the belated disclosure of certain police reports which detailed alleged threats made against the witness which the defense claimed influenced her testimony. The witness had been examined with regard to several other threats on cross-examination, but the police reports in issue allegedly concerned additional threats of which the witness had complained to investigating detectives. The prosecutor concurred that the witness should be recalled and the court gave both defense attorneys an opportunity to review the reports to determine their strategies. Counsel for the codefendant Shepherd asked that he be permitted to reserve his decision as to whether to recall the witness, because he first wished to cross-examine the prosecution's next witness, the detective who compiled the reports. During this entire discussion, counsel for the defendant Faison complained only that the belatedly disclosed materials should have been disclosed earlier during the trial, and that portions of the reports were illegible.

The prosecution did indeed next call the detective who had authored the reports in question. His direct testimony concerned only his observations of the scene of the crime. Thereafter, the counsel for the defendant Faison declined to cross-examine the detective, yielding this task instead to counsel for the codefendant Shepherd. The counsel for Shepherd, however, made no inquiry regarding the threats allegedly directed at the People's main witness. Thereafter, the prosecution rested.

Various matters were discussed by the court and counsel, including, *inter alia,* the logistics of a jury visit to the scene of the crime. Once this matter was settled, both the defendants rested. The visit to the crime scene was conducted, and the following day summations were given. The court then charged the jury. The jury returned its guilty verdicts without any further colloquy concerning the alleged *Rosario* violation *(see, People v Rosario,* 9 NY2d 286).

The People maintain, *inter alia,* that no *Rosario* violation occurred because the material belatedly disclosed was unrelated to the subject matter of the witness's testimony (CPL 240.45 [1] [a]). Even assuming, however, that the police reports did constitute *Rosario* material, reversal would still not be mandated. The foregoing summary of the pertinent parts of the trial record disclose that defense counsel made no claims of prejudice as a result of the belated disclosure of the police reports and thus, no such claims are preserved for appellate

review *(see, People v Kilgore,* 168 AD2d 830). Indeed, the court would have allowed the parties to recall the witness for further examination yet neither defense attorney availed himself of this option nor expressed any dissatisfaction with the remedy fashioned by the trial court *(see, People v Anderson,* 160 AD2d 806). Accordingly, as the Court of Appeals recently reasoned in an analogous case: "Inasmuch as defense counsel failed to request specific relief during the [trial], when the court had an opportunity to prevent the harm of which defendant now complains, defendant is now foreclosed from arguing in this Court that his *Rosario* rights were violated by the prosecutor's failure to [timely] turn over the [police reports]" *(People v Rivera,* 78 NY2d 901, 903; *see also, People v Cannon,* 171 AD2d 752; *People v Rashid,* 164 AD2d 951; *People v Alvarez,* 150 AD2d 470). Furthermore, review of this issue in the exercise of our interest of justice jurisdiction is unwarranted.

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.