■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO MELENDEZ, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered December 13, 1989, convicting defendant after a jury trial of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him to concurrent terms of imprisonment of from 20 years to life for the sale and possession convictions, and from 6 to 18 years for the conspiracy conviction, unanimously affirmed.

There is no merit to any of defendant's various *Rosario* claims. The People were not required to provide the prior statements or criminal history of the confidential informant since he did not testify. The police reports concerning a meeting a month prior to the charged conspiracy between the undercover and one of the codefendants did not constitute *Rosario* material since no testimony was elicited about that meeting on direct examination. In addition, a voucher turned over after testimony began was not *Rosario* material because it contained no factual account or description of events *(People v Watkins,* 157 AD2d 301, 314). No sanctions were required for the destruction of handwritten notes since defendant had the duplicative equivalent of the *Rosario* material *(see, People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914). Moreover, there was no lack of due diligence or any prejudice to defendant *(People v Wallace,* 76 NY2d 953). The delay in turning over a draft version of the agent's report (of which defendant already had two duplicative equivalents) did not substantially prejudice defendant, and therefore does not require reversal *(People v Forrest,* 163 AD2d 213, *affd* 78 NY2d 886).

Nor did the court abuse its discretion in denying defendant's motion for a mistrial on the ground that the prosecutor's opening statement referred to the confidential informant who subsequently did not testify. Defendant knew before trial began that the informant might not testify, yet did not object to the prosecutor's opening remarks, and has therefore failed to preserve the issue for review. In any event, a mistrial is required only where there is bad faith or undue prejudice *(People v De Tore,* 34 NY2d 199, *cert denied sub nom. Wedra v New York,* 419 US 1025). Neither element is present here, particularly in view of counsel's notice that there was a distinct possibility that the informant would not testify. Moreover, the record is clear that counsel chose to cross-examine the witnesses about the informant only after it became certain that the informant would not testify. He also commented extensively about the informant's absence in summation. Thus, defendant has failed to show any undue prejudice *(People v Avincola,* 162 AD2d 288, 290, *lv denied* 76 NY2d 937).

Also without merit is defendant's claim that he was entitled to a missing witness charge concerning the informant, defense counsel having acknowledged that the informant would have testified favorably for the People. Moreover, the People adequately accounted for his absence, attributing it to the unex-

pected replacement, midtrial, of the original prosecutor who had become ill. The new prosecutor was thrust into the case without having met any of the witnesses, much less interviewing the informant or properly acquainting himself with the informant's background. He did bring the informant to court so that defense counsel could interview him, but counsel refused to do so. Since the People accounted for the witness's absence, and defense counsel conceded that the informant would testify favorably for the People and refused to avail himself of the opportunity to interview the witness himself, it would be unfair and illogical to concluded that the charge was nonetheless warranted (People v Gonzalez, 68 NY2d 424, 428).

Defendant's claim that he was erroneously precluded from attending a codefendant's plea proceeding is without merit, and his contention that he should have been allowed to introduce the plea allocution into evidence is unpreserved, as he never sought to do so at trial (CPL 470.05 [2]). Similarly unpreserved is defendant's claim that the court failed to compel the codefendant to testify. In any event, it is clear that the codefendant was an unavailable witness, and, as noted, defendant did not specifically seek to have the plea allocution introduced as a declaration against penal interest (People v Thomas, 68 NY2d 194, cert denied 480 US 948). Moreover, the plea allocution in no way exonerated defendant.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.