■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered December 4, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of May 3, 1989, the defendant sold a glassine envelope of heroin to an undercover officer during a so-called "buy and bust" operation near the intersection of Knickerbocker Avenue and Troutman Street in Brooklyn. While this sale was taking place, the undercover officer's partner made a separate narcotics purchase from several other individuals on the same street corner. After the sales were completed, both officers returned to their vehicle and transmitted descriptions of the suspects to their back-up team. The back-up team then arrested the defendant and three other individuals.

Shortly before the commencement of trial, the prosecutor agreed to provide defense counsel with "buy" reports concerning the three individuals who had been arrested by the same back-up team as the one that had arrested the defendant. The prosecutor refused, however, to turn over any additional police documents concerning these individuals, contending that such documents bore no relationship to the defendant's case. The trial court agreed, and denied an application by the defendant for all police "paperwork" pertaining to the other individuals arrested with him.

On appeal, the defendant contends that the trial court's refusal to compel the prosecution to produce the additional police documents concerning the three individuals arrested with him violated the *Rosario* rule and constituted *per se* reversible error. We disagree. CPL 240.45 (1) (a), which codifies the *Rosario* rule, requires the prosecutor to disclose to the defendant "[a]ny written or recorded statement * * * made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony". However, since the "only purpose of the *Rosario* rule is to afford the defendant a fair opportunity to cross-examine the People's witnesses" at trial, it is well settled that the right to inspect statements of the prosecution witnesses "is necessarily limited insofar as the statements sought must be relevant to the subject matter of the witness' testimony"

*(People v Poole,* 48 NY2d 144, 148-149). Thus, "that the material is related to the subject matter of the witness's testimony is critical and dispositive" *(People v Fridman,* 162 AD2d 136, 138). Applying these principles at bar, we find that police documents sought by the defendant did not constitute *Rosario* material. Although several individuals were arrested at the same time and place as the defendant, the defendant was the only seller involved in the transaction which formed the basis of this case, and no testimony concerning the arrests of the other individuals was elicited during the direct examination of either the arresting officer or the undercover officer who purchased heroin from the defendant. Accordingly, the People were not obligated to make the police documents relating to these individuals available to the defendant *(see, People v Melendez,* 178 AD2d 366; *People v Goldman,* 175 AD2d 723; *People v Nixon,* 166 AD2d 170; *cf., People v Perez,* 65 NY2d 154).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.