■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMUNDO BAILEY, Appellant. [606 NYS2d 757] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered March 27, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested in a so-called "buy and bust" operation after he sold two vials of crack cocaine to an undercover police officer. The same narcotics team that arrested the defendant made several other buy and bust arrests that night. Following the arrests, the undercover officer involved filled out individual expense reports showing the amount of prerecorded money used in each transaction. A copy of the expense report prepared by the undercover officer for the transaction involving the defendant was provided to the defense counsel, along with a copy of all prerecorded money distributed to the officers at the beginning of the buy and bust operation that night.

Contrary to the defendant's contention, we find that the expense reports prepared in connection with the arrests of other individuals did not constitute *Rosario* material. The trial court therefore did not err in refusing to compel the prosecution to produce them. The right to inspect statements of a prosecution witness is limited to those statements relevant to the subject matter of the witness's testimony *(see, People v Rios,* 182 AD2d 843; *see also, People v Poole,* 48 NY2d 144, 148-149). As no testimony concerning the arrests of other individuals was elicited during the direct examination of the prosecution witnesses, the People were not obligated to make the additional expense reports available to the defendant *(see,*

*People v Rios, supra; People v Melendez,* 178 AD2d 366; *People v Goldman,* 175 AD2d 723; *cf., People v Perez,* 65 NY2d 154).

The defense counsel used his peremptory challenges to excuse all four white male prospective jurors from the jury panel. The prosecutor claimed that the challenges showed a pattern of exclusion of white males. The trial court concluded that the prosecutor had made a prima facie showing of a pattern of discriminatory challenges and required the defense counsel to provide racially-neutral reasons for the challenges. After the defense counsel explained his reasons for challenging prospective juror number eight, the court found that the reasons were not race neutral, and seated that prospective juror. On appeal, the defendant contends that the court erred in so doing. We disagree. The court's finding that the defense counsel's proffered excuse was pretextual is entitled to great deference *(see, People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352). The defense counsel stated that he challenged prospective juror number eight because he was an accountant. However, the defense counsel failed to relate his reason for exclusion of this juror to the factual circumstances of the case or to articulate any observation which would place the juror within an alleged stereotype or profile of accountants which would render him objectionable to the defense counsel *(see, People v Dabbs,* 192 AD2d 932; *People v Duncan,* 177 AD2d 187, 194). Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.