■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBY JAMES, Appellant. [616 NYS2d 75] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered April 2, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. By decision and order of this Court, dated May 10, 1993, the case was remitted to the Supreme Court, Kings County, to hear and report as to whether a particular police report constituted Rosario material, and the appeal was held in abeyance in the interim (see, People v James, 193 AD2d 694). The Supreme Court has now complied.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

Contrary to the defendant's contentions, we agree with the Supreme Court's finding that the subject police report did not constitute Rosario material because its contents were not related to the subject matter of the witness's testimony (see, People v Bailey, 200 AD2d 677; People v Rios, 182 AD2d 843; People v Watkins, 157 AD2d 301, 313). However, in light of the decision of the Court of Appeals in People v Martinez (82 NY2d 436) in November 1993, we conclude that the Supreme Court abused its discretion in closing the courtroom during the testimony of the two undercover officers. The record neither reflects that the undercover officers were still operating in the locale of the defendant's arrest nor that they expected to return there. Indeed, the sole basis for closure proffered by the prosecution was that each undercover had "lost subjects" (unapprehended individuals from whom they had purchased drugs) in the Borough of Brooklyn. This per-

functory showing by the prosecutor was not sufficiently particularized to the facts of this case and, thus, was inadequate to justify closure *(see, People v Martinez, supra; cf., People v Jamison,* 203 AD2d 385; *People v Thompson,* 202 AD2d 454). Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.