*322 OPINION OF THE COURT
William F. Mastro, J.
Petitioner moved to suppress physical evidence to be introduced at a final parole revocation hearing. Ancillary to his motion, petitioner requested Rosario material (People v Rosario, 9 NY2d 286).
By order and memorandum dated October 17, 1994, this court ordered a suppression hearing. The court’s memorandum posed several questions for the parties to address in connection with the Rosario question.
The Rosario rule requires a prosecutor in a criminal proceeding to turn over to defendant any written or recorded statement in their possession made by a person whom the People intend to call as a witness at trial (see, People v Rosario, 9 NY2d 286, supra; CPL 240.45 [1] [a]). To constitute Rosario material, the utterance must relate to the subject matter of the witness’ direct testimony at trial (see, People v Mobley, 190 AD2d 821; People v Faison, 176 AD2d 752, 753; People v Goldman, 175 AD2d 723, 725; People v Nixon, 166 AD2d 170).
The so-called rRosario rule” was promulgated as a matter of policy and a "right sense of justice” (People v Rosario, 9 NY2d, at 289, supra). The Court reasoned that a defendant is entitled to such prior statements since the State has " 'no interest in interposing any obstacle to the disclosure of facts’ ” and that the " 'defense should be given the benefit’ of any information that can legitimately tend to overthrow the case made for the prosecution, or to show that it is unworthy of credence” (supra, at 290, citing People v Davis, 52 Mich 569, 572, 573-574; People v Walsh, 262 NY 140, 150).
Notwithstanding the laudatory objectives of the Rosario rule it has generally been applied to criminal or quasi-criminal actions and not administrative proceedings.
A parole revocation hearing is not a criminal matter but an administrative hearing to determine whether a parolee has violated the conditions of parole (People ex rel. Maggio v Casscles, 28 NY2d 415, 418; see also, People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d 76, 80). While a parole revocation hearing is not a criminal proceeding, courts must remain sensitive to the serious, if not irreparable, consequences which may befall a parolee if the charges of misconduct are sustained by the Board of Parole. Indisputably, " '[w]hen all the legal niceties are laid aside a proceeding to *323 revoke parole involves the right of an individual to continue at liberty or to be imprisoned. It involves a deprivation of liberty just as much as did the original criminal action’ ” (People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d, at 80-81, supra).
With these principles in mind, the question remains as to whether the Rosario rule would apply to a suppression hearing conducted to determine the admissibility of evidence at a parole revocation hearing.
The only appellate case that expressly addressed the application of Rosario to an administrative proceeding to revoke parole is Matter of Milburn v New York State Div. of Parole (173 AD2d 1016). The Court stated, in dicta, that the right to discovery of Brady material or Rosario material "has no application in an administrative proceeding to revoke parole” (supra, at 1017; cf., People ex rel. Grimaldi v Warden, 174 AD2d 497, 498, Iv denied 78 NY2d 858).
In contrast, although not binding on this court, an examination of the Federal counterpart to New York’s Rosario rule is nonetheless instructive.
The "Jencks Act” (18 USC § 3500), like the Rosario rule, generally requires that prior statements of witnesses in the possession of the government be turned over to defendant for use in cross-examination, where such statements relate to the witness’ testimony (Jencks v United States, 353 US 657; 18 USC § 3500).
Several Federal circuit courts have expressly held that the Jencks Act is applicable to administrative proceedings (National Labor Relations Bd. v Safeway Steel Scaffolds Co., 383 F2d 273, cert denied 390 US 955; Harvey Aluminum v National Labor Relations Bd., 335 F2d 749; National Labor Relations Bd. v Adhesive Prods. Corp., 258 F2d 403; Communist Party v Subversive Activities Control Bd., 254 F2d 314, 327).
In National Labor Relations Bd. v Adhesive Prods. Corp. (258 F2d, at 408, supra), the court remarked: "[L]ogic compels the conclusion that these rules are applicable to an administrative hearing * * * The production and inspection, and possible use for cross-examination purposes, of such a document could serve only to test the memory and credibility of the witness * * * there can be no sound reason to bar such production” (citation omitted).
While the "logic” of the application of the Rosario rule to *324 an administrative proceeding is compelling given that the availability, to the accused of prior testimony is "significant, and sometimes vital to the cross-examination of witnesses, and of aid in the preparation of trial” (People ex rel. Cadogan v McMann, 24 NY2d 233, 235), the question of the applicability of Rosario to a parole revocation hearing need not be resolved here.
The instant proceeding was brought by petitioner via writ of habeas corpus, which is governed by the CPLR. In People ex rel. Coldwell v New York State Div. of Parole (123 AD2d 458, 459-460), the Court held that it was improper to order the Division of Parole to conduct a suppression hearing. This was so because the proceeding was one for habeas corpus, which must be conducted by the court, and not an administrative body (supra, at 459, citing People ex rel. Robertson v New York State Div. of Parole, 67 NY2d 197).* The Court thus viewed this proceeding not as part of the parole hearing, but as a separate proceeding.
A proceeding under CPLR article 70 is a "special proceeding” to inquire into the cause of restraint or detention and to enforce a right to be released from such confinement (People ex rel. H. v P., 90 AD2d 434, 437, n 2; see also, Matter of Siveke v Keena, 110 Misc 2d 4; People ex rel. Henderson v Casscles, 66 Misc 2d 492; CPLR 7001). As such, the procedures in CPLR article 4 for "special proceedings” apply to habeas corpus proceedings (supra; see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7001.T, at 3).
Recognizing the need for "speed and economy”, which underlie the main purpose behind special proceedings, the disclosure devices in CPLR article 31 are typically available in a special proceeding only by leave of court (see, People ex rel. H. v P., 90 AD2d, at 437, n 2, supra; Seigel, NY Prac § 555, at 868 [2d ed]; see also, Matter of Sahara Beach Club [Frenchman— *325 Meyers], 3 AD2d 933; Plaza Operating Partners v IRM [USA] Inc., 143 Misc 2d 22; CPLR 408).
Notwithstanding that leave of court is required for disclosure in a special proceeding, where it is appropriate, the full range of discovery devices is available to parties to a special proceeding (see, e.g., Matter of Sahara Beach Club [Frenchman —Meyers] 3 AD2d 933, supra; Plaza Operating Partners v IRM [USA] Inc., 143 Misc 2d 22, supra; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C408:l, at 661).
DISCOVERY
CPLR article 31 governs discovery in a civil proceeding. Section 3101 (a), as amended, provides that '[t]here shall be full disclosure of all evidence material and necessary” (emphasis added).
The phrase "material and necessary” was defined in the seminal case of Allen v Crowell-Collier Publ. Co. (21 NY2d 403), and was held to be "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity” (at 406).
In general, the "purpose of disclosure * * * is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits” (Rios v Donovan, 21 AD2d 409, 411; Hoenig v Westphal, 52 NY2d 605, 610; see also, Vandenburgh v Columbia Mem. Hosp., 91 AD2d 710, 711). Any evidence that will assist in the preparation for trial and is material and useful to the party seeking disclosure should be provided (Brahm v Hatch, 169 AD2d 263). In particular, a witness’ prior statements which are relevant to the subject matter of his or her expected testimony, and are not privileged, should be provided regardless of the form and regardless when made (Matter of John G., 91 AD2d 685).
The scope of and supervision over discovery is within the sphere of the trial court’s broad discretionary power (Dunlap v United Health Servs., 189 AD2d 1072, 1073; see also, Carella v King, 198 AD2d 567, 568), and the Supreme Court has considerable latitude in supervising discovery (Mead v Benjamin, 201 AD2d 796, citing Hirschfeld v Hirschfeld, 69 NY2d 842; see also, Lewis v Hertz Corp., 193 AD2d 470; Duracell Intl. v American Empls. Ins. Co., 187 AD2d 278).
Mindful of CPLR discovery principles, in conjunction with *326 an awareness of the nature of a parole revocation hearing and its potential for "deprivation of liberty” (People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d, at 80, supra), the court, in its discretion, will use as a guide the general principles espoused by the Rosario rule in determining which statements petitioner is entitled to discover at his suppression hearing.
GRAND JURY MINUTES
The Attorney-General and petitioner have joined in the request for revelation of the Grand Jury minutes. The District Attorney has appeared and opposed.
Witness’ statements that must be subpoenaed (Matter of County of Nassau v Sullivan, 194 AD2d 236, 239) or can only be obtained by court order (People v Astacio, 173 AD2d 834, 835, Iv denied 78 NY2d 1009) are not in the control of the People and thus are not generally considered Rosario material.
Grand Jury minutes are secret and can only be obtained by court order (see, Matter of District Attorney of Suffolk County, 58 NY2d 436; People v Di Napoli, 27 NY2d 229). The court will only disclose Grand Jury minutes to a party upon demonstration of a "compelling and particularized need” for such disclosure (Matter of District Attorney of Suffolk County, 58 NY2d, at 444, supra). Petitioner concedes at oral argument upon the motion that his present request for access to the Grand Jury minutes is based upon "conjecture and speculation”. The court will not grant petitioner unfettered access to the minutes simply upon speculation.
Since these materials are not in the control of the Parole Board, the Parole Board is not mandated to furnish the Grand Jury minutes to petitioner (see, People ex rel. Wilk v Meloni, 175 AD2d 676).
While Grand Jury minutes are normally not available for wholesale pretrial discovery in a civil matter (Ruggiero v Fahey, 103 AD2d 65), courts have taken custody of the Grand Jury minutes and in certain circumstances after direct examination permitted their use to impeach the credibility of a witness (People v Di Napoli, 27 NY2d, supra, at 237; Matter of Nelson v Mollen, 175 AD2d 518, 520; Martinez v CPC Intl., 88 AD2d 656).
The court will take custody of the Grand Jury minutes and after direct examination of a witness will disclose Grand Jury *327 testimony to the party not calling such witness. The court will not, as suggested by the District Attorney, consider the Grand Jury minutes in rendering its decision on the suppression motion. It would be inappropriate to consider as evidence material which the parties have not seen or have had an opportunity to litigate. Only those portions, if any, disclosed to the parties will be taken into consideration by the court.
POLICE REPORTS
CPL 160.50 (1) (c) mandates that where a criminal action has terminated in favor of an accused, all official records and papers must be sealed (Matter of Joseph M., 82 NY2d 128, 132; Matter of Dondi, 63 NY2d 331, 336). Sealed records are available to law enforcement agents only upon motion showing that "justice requires” that such records be made available (CPL 160.50 [1] [d] [ii]). The Parole Board may also make a request from the record holding agency for such records (CPL 160.50 [1] [d] [iv]).
Police reports and documents are official records or papers subject to sealing (see, Matter of Dondi, 63 NY2d, supra, at 339-340). In this case the Grand Jury vote of no true bill is a termination of a criminal action in petitioner’s favor (CPL 160.50 [3] [h]).
Since the Parole Board cannot obtain the police records without court order or a request under CPL 160.50 (1) (d) (iv) they are not within their control (see, People v Astacio, 173 AD2d 834, supra).
The court refuses to order the Parole Board to furnish the petitioner with sealed police records because such records are available to petitioner upon request (see, People ex rel. Wilk v Meloni, 175 AD2d 676, supra).
The court notes that sealed records are available to the "person accused” without court order (CPL 160.50 [1] [d]; People v Donner, 106 Misc 2d 779).
OTHER STATEMENTS
With respect to statements in the actual possession, custody or control of the Division of Parole or in the possession of respondent’s witnesses themselves, the court, in its discretion, orders that they be furnished to petitioner provided they concern the subject matter of the witness’ testimony (People v Mobley, 190 AD2d 821; People v Faison, 176 AD2d 752; People *328 v Goldman, 175 AD2d 723, 725; People v Nixon, 166 AD2d 170).
Petitioner noted at oral argument that he intends to call, as his witnesses, all police officers involved in his arrest. Under common law, he would not be permitted to use prior inconsistent statements to impeach his own witness (Richardson, Evidence § 508 [Prince 10th ed]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4515, at 58). Moreover, the prosecution is not required to turn over Rosario material to a defendant where the witness is called by defendant himself (People v Restivo, 209 AD2d 448).
However, the CPLR permits the use of prior statements inconsistent with the testimony of a party’s own witness provided such statement was made in a writing subscribed by the witness or was made under oath (CPLR 4515; see, Jordan v Parrinello, 144 AD2d 540, 541; Brown v Western Union Tel. Co., 26 AD2d 316, 319). Such a statement, if it qualifies under CPLR 4514, may be admitted "in whole or in such parts as its purpose of discrediting the witness requires or justifies” (Larkin v Nassau Elec. R. R. Co., 205 NY 267, 270).
Thus, petitioner will be permitted to use prior inconsistent statements of witnesses called by him provided they qualify under CPLR 4514 and they otherwise apply pursuant to this decision.
The court will, upon a showing by petitioner that the witness called by him made inconsistent statements at the Grand Jury, consider releasing such testimony if appropriate.
In sum, petitioner’s application for Rosario material is granted to the extent set forth above.

 The Coldwell decision (supra) neglects to address a basic procedural question. Habeas corpus is available only to one entitled to immediate release from the custody he is challenging (Matter of Soto v New York State Bd. of Parole, 107 AD2d 693, 694; People ex rel. Ruckdeschel v LeFevre, 100 AD2d 643, Iv denied 62 NY2d 605). The granting of a motion to suppress does not entitle petitioner to immediate release because there may exist other evidence of violations of the terms of parole (see, People ex rel. Richards v Reid, 117 AD2d 695; People ex rel. Williams v Scully, 107 AD2d 729; People ex rel. Kaplan v Commissioner of Correction of City of N. Y., 93 AD2d 768, affd 60 NY2d 648). Neither side has addressed this issue and the court declines to do so.