■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON BRYANT, Appellant. [619 NYS2d 127] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered February 2, 1993, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, a "stop and frisk report" containing a statement made by a prosecution witness regarding his negative identification of another individual did

not constitute *Rosario* material. The right to inspect statements of a prosecution witness is limited to those statements relevant to the subject matter of the witness's testimony *(see, People v Rios,* 182 AD2d 843; *see also, People v Poole,* 48 NY2d 144, 148-149). As no testimony concerning the negative identification of another individual was elicited during the direct examination of the prosecution witness, the People were not obligated to make the "stop and frisk report" available to the defendant *(see, People v Rios, supra; People v Bailey,* 200 AD2d 677; *People v Melendez,* 178 AD2d 366; *People v Goldman,* 175 AD2d 723; *cf., People v Perez,* 65 NY2d 154).

The defendant's assertion that the sentence was excessive is without merit *(see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.