(April 13, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS MORRISON, Appellant. [625 NYS2d 30] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered June 3, 1992, convicting defendant, after jury trial, of robbery in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 12½ to 25 years, 5 to 15 years, and 5 to 15 years, respectively, unanimously affirmed.

The defendant's motion for a mistrial on the ground that

the prosecutor's opening statement impermissibly referred to an incriminating co-defendant's statement was properly denied *(People v Melendez,* 178 AD2d 366, 367, *lv denied* 79 NY2d 950). Even assuming the motion was timely made at the end of the People's opening statement *(see,* CPL 470.05 [2]), the prosecutor's singular and vague remark alluding to, but not revealing the contents of a statement made to the police by Mr. Cornelius did not warrant a mistrial *(People v Melendez, supra,* at 367).

In addition, the record indicates that the defendant affirmatively waived and abandoned any objection that he may have had to the introduction of co-defendant Cornelius' statement, as evidenced by the following colloquy:

"[PROSECUTOR]: I had a conversation with [defense counsel]. My next witness is Sgt. Sean Flynn. Among the things he did in this case he took a statement from Troy Cornelius, and during his discussion with Mr. Cornelius, Mr. Cornelius gave Sgt. Flynn the name and address of this defendant. And if I limit the question just to that, saying did Troy Cornelius give you the name and address of the third person, I ask if [defense counsel] would have any objection to that being asked.

"[DEFENSE COUNSEL]: I have no objection just to that, but *nothing more about his statement other than Mr. Morrison's name and address"* (emphasis added).

The only reasonable inference to be drawn from this exchange is that defense counsel had abandoned his earlier objection to the co-defendant's statement, and consistent with this interpretation, defense counsel raised no objection when the statement was introduced *(see, People v White,* 53 NY2d 721, 723). Having acquiesced, either by omission or design, to the introduction of the allegedly incriminating testimony at trial, the defendant is not permitted to challenge it on appeal.

We have considered and rejected the defendant's additional claims. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.