■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLY DEMOSTHENE, Appellant. [640 NYS2d 44]

We reject defendant's contention that the court failed to properly analyze the officers' testimony at the suppression hearing. The evidence at trial was sufficient (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), and, upon our independent review of the facts, the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). It was not necessary for the witness who saw defendant and his accomplice disappear beyond the front doorway of the apartment they were convicted of burglarizing to have actually seen them open the door and enter.

The reference in the prosecutor's opening to the statement of the non-testifying accomplice, even together with the officer's testimony that the accomplice made a statement, did not deprive defendant of a fair trial. The comment during the opening was brief and not prejudicial, and the jury never heard the contents of the statement during the trial testimony (*see, People v Morrison*, 214 AD2d 366, *lv denied* 86 NY2d 799). Moreover, under the circumstances of this case, any purported error was harmless (*see, People v Eastman*, 85 NY2d 265, 276-277).

Defendant's challenge to the prosecutor's summation is unpreserved in view of defendant's failure to object to the sufficiency of the court's curative instruction or seek any further relief (*People v Watkins*, 212 AD2d 357, *lv denied* 85 NY2d 944, 981). Were we to review it in the interest of justice, we would find that the challenged portion of the summation does not require reversal.

Defendant's complaint, first voiced at sentencing about his counsel's failure to call a witness, was insufficiently detailed to require further inquiry by the court. The proper vehicle, under the circumstances, would be a motion pursuant to CPL article 440. Concur—Murphy, P. J., Rubin, Ross and Tom, JJ.