OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered August 4, 1993 affirmed.
 Following a jury trial, defendant was convicted of three counts of aggravated harassment in the second degree (Penal Law § 240.30 [1]) and related offenses upon evidence, inter alia, that she made a series of offensive and threatening telephone calls to the complainants. We reject the defendant’s principal appellate argument, that evidence of uncharged acts — including earlier telephone calls to and other contacts with the complainants — was improperly received. Initially, we note that defendant neither challenged the trial court’s pretrial Ventimiglia ruling (People v Ventimiglia, 52 NY2d 350, 361) on the evidentiary issue, nor objected with sufficient specificity at trial to receipt of the evidence now cited as a basis for reversal. "Having acquiesced, either by omission or design, to the introduction of [this evidence], the defendant is not permitted to challenge it on appeal” (People v Morrison, 214 AD2d 366, 367; see, People v Cuesta, 199 AD2d 101, 102, lv denied 83 NY2d 870). In any event, even were the issue properly before us, we would find that the evidence was properly admitted since it was probative of defendant’s intent and was inextricably interwoven with evidence establishing that defendant was the caller (People v Ely, 68 NY2d 520, 529; People v Shorey, 172 AD2d 634, lv denied 78 NY2d 974). Moreover, in light of the limiting instructions given by the trial court, the admission of *384 the evidence was not unduly prejudicial (see, People v Till, 87 NY2d 835, 837; People v Alvino, 71 NY2d 233, 241-242).
 Defendant failed to preserve any constitutional challenge to her conviction (see, People v Iannelli, 69 NY2d 684, cert denied 482 US 914), and we decline to review her present claims in the interest of justice. Were we to consider defendant’s constitutional points, we would find them lacking in merit. Defendant was not subjected to "criminal liability for engaging in protected speech; [her] liability arose from [her] harassing conduct, not from any expression entitled to constitutional protection”. (People v Shack, 86 NY2d 529, 536; cf., People v Dietze, 75 NY2d 47.)
Parness, J. P., McCooe and Davis, JJ., concur.