■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MICKENS, Also Known as RICHARD MIKENS, Appellant. [657 NYS2d 933] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered April 19, 1995, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was denied a fair trial by the trial court's charge to the jury on the elements of endangering the welfare of a child is not preserved for appellate review since he did not object to the charge as given *(see, People v Gray,* 86 NY2d 10). Under the circumstances of this case we decline to reach the issue in the exercise of our interest of justice jurisdiction. Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY MITCHELL, Appellant. [657 NYS2d 933] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered August 17, 1994, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Buchter, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant is not entitled to a de novo *Wade* hearing based on the People's failure to turn over alleged *Rosario* material prior to the hearing. The report in question was not relevant to the testimony of the arresting officer at the *Wade* hearing and therefore did not constitute *Rosario* material *(see, People v Bryant,* 209 AD2d 630).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.