■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILNER LOUIS, Appellant. [657 NYS2d 436] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered August 18, 1994, convicting him of assault in the first degree and criminal possession of a weapon in the second degree under Indictment No. 8839/90, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Friedman, J.), rendered October 26, 1994, convicting him of manslaughter in the first degree, manslaughter in the second degree, and assault in the second degree (two counts), also under Indictment No. 8839/90, upon a jury verdict, and imposing sentence. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgments are affirmed.

Although the detective who questioned the defendant

overstated the evidence against him, this deception was not so fundamentally unfair as to render the defendant's ensuing statements involuntary *(see, People v Tarsia,* 50 NY2d 1; *People v Ingram,* 208 AD2d 561; *People v Tankleff,* 199 AD2d 550, *affd* 84 NY2d 992; *People v Hassell,* 180 AD2d 819).

We perceive no reason to disturb the determination by the trial court prior to the second trial that the defense counsel's reasons for exercising a peremptory challenge against prospective juror number seven was merely a pretext to conceal a racially-discriminatory intent *(see, Batson v Kentucky,* 476 US 79; *People v Allen,* 86 NY2d 101; *People v Hernandez,* 75 NY2d 350; *People v Richie,* 217 AD2d 84). The defense counsel failed to relate her reasons for excluding the juror, which included his employment as a stockbroker, to the facts of this particular case, and failed to articulate how his occupation would detract from his performance as a juror in this case *(see, People v Jones,* 223 AD2d 559; *People v McMichael,* 218 AD2d 671; *People v Richie, supra; People v Bennett,* 206 AD2d 382; *People v Bailey,* 200 AD2d 677; *People v Duncan,* 177 AD2d 187). Moreover, the defense counsel admittedly acted intuitively and failed to pursue questioning of the juror to ascertain whether her "intuitive" feelings were founded in fact *(see, People v Townsend,* 234 AD2d 487; *People v Richie, supra).* Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.