■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DEFINA, Appellant. [685 NYS2d 249] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Hall, J.), dated January 23, 1998, which denied his motion pursuant to CPL 440.10 to vacate his judgment of conviction.

Ordered that the order is affirmed.

The defendant argues that the People's failure to turn over message number 5 on a "Sprint Tape", was a violation of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), since the message contained statements made by prosecution witnesses. Contrary to the defendant's contention, to the extent that message number 5 contained a statement by a prosecution witness relaying information told to him by an anonymous person, it did not constitute *Rosario* material. The right to inspect statements of a prosecution witness is limited to those statements relevant to the subject matter of the witness's testimony (*see, People v Rios,* 182 AD2d 843; *see also, People v Poole,* 48 NY2d 144, 148-149). As no testimony concerning the anonymous person was elicited during the direct examination of the prosecution witnesses, the People were not obligated to make that portion of message number 5 available to the defendant (*see, People v Rios, supra; People v Bailey,* 200 AD2d 677; *People v Melendez,* 178 AD2d 366; *People v Goldman,* 175 AD2d 723; *cf., People v Perez,* 65 NY2d 154).

The defendant's remaining contentions are without merit or, to the extent that they relate to any actual error, do not warrant reversal. Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.