■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER FERGAS, Appellant. [708 NYS2d 414] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 5, 1999, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the fourth round of jury selection, the People raised a reverse-*Batson* objection (*see, Batson v Kentucky,* 476 US 79) based upon the defendant's exercise of his peremptory challenges to exclude all four Hispanic prospective jurors. The trial court ruled that the prosecutor made a prima facie showing of discrimination, and asked the defense counsel to explain the challenges. Although the defense counsel offered facially race-neutral reasons for the challenges, the court found that his explanations for striking the fourth prospective juror, juror No. 9, were pretextual, and directed that the prospective juror be seated.

Contrary to the defendant's contention, the trial court did not err in disallowing his challenge to prospective juror No. 9. The court's determination that the defense counsel's proffered

reasons for challenging the juror were pretextual is supported by the record. The defense counsel failed to apply his reasoning for excluding that juror to similarly-situated potential jurors who also had professional backgrounds (*see, People v Allen,* 86 NY2d 101; *People v Richie,* 217 AD2d 84, 89), and failed to relate his reasons for excluding the juror to the facts of this particular case (*see, People v Louis,* 239 AD2d 435; *People v Jones,* 223 AD2d 559; *People v Bailey,* 200 AD2d 677, 678).

The sentencing court providently exercised its discretion in denying youthful offender status to the defendant (*see,* CPL 720.10 [3]; *People v Boyd,* 254 AD2d 740, 741). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.