■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRETT PRICE, Appellant. [731 NYS2d 395] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered July 8, 1999, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Altman, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD RASCOE, Appellant. [731 NYS2d 633] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 5, 1999, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have previously examined the issues raised on this appeal on the codefendant's appeal (see, People v Fergas, 272 AD2d 340). In Fergas, we held that the trial court properly determined that the facially race-neutral reasons proffered by the codefendant's counsel in response to the People's reverse-Batson objection were pretextual (see, People v Louis, 239 AD2d 435; People v Richie, 217 AD2d 84; People v Bailey, 200 AD2d 677; see also, People v Willard, 226 AD2d 1014; People v Jupiter, 210 AD2d 431). The same result is required here, since the defendant's counsel also proffered reasons which were pretextual in response to the People's reverse-Batson objection. O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.