■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CAIN, Appellant. [823 NYS2d 183]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered April 9, 2004, convicting him of criminal possession of stolen property in the fourth degree (seven counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the defendant's conviction of criminal possession of stolen property in the fourth degree under count four of the indictment to criminal possession of stolen property in the fifth degree; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt under counts one, two, three, five, six, and seven of the indictment beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (*see* CPL 470.15 [5]).

Although not raised by the defendant on this appeal, his codefendant raised, and we examined, the claim that the evidence was legally insufficient to establish his guilt of criminal possession of stolen property in the fourth degree under count four of the indictment (*see People v Oates,* 33 AD3d 823 [2006] [decided herewith]). In that appeal, although the claim was not preserved, we reached it in the exercise of our interest of justice jurisdiction and determined that the evidence was legally insufficient to establish the codefendant's guilt on that count. However, because

the evidence was legally sufficient to establish the codefendant's guilt of the lesser-included offense of criminal possession of stolen property in the fifth degree, we reduced the conviction from the former to the latter. Since the defendant was convicted of count four on the same record, in the interest of justice, we reduce his conviction under count four of the indictment to criminal possession of stolen property in the fifth degree (*see e.g. People v Rascoe,* 287 AD2d 524 [2001]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for review and in any event, without merit.

Since the defendant has already served the maximum sentence permissible for the conviction of criminal possession of stolen property in the fifth degree, we need not remit the matter for resentencing on count four of the indictment (*see People v Deolall,* 7 AD3d 635, 636 [2004]). Miller, J.P., Crane, Santucci and Luciano, JJ., concur.