Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered January 15, 2010, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant’s motion to suppress his statements to law enforcement officials.
Ordered that the judgment is affirmed.
In 2005 the complainant was stabbed in the parking lot of a Shoprite supermarket. In 2007 the defendant was represented by counsel in connection with several burglary charges pending against him. At a meeting with his attorney, the police, and a representative of the Rockland County District Attorney’s office, the defendant was offered leniency on the burglary charges in exchange for information on the 2005 stabbing. At that meeting, the defendant told police that a member of his gang had stabbed the complainant.
Six months later, the police arranged another meeting with the defendant in order to equip him with a wire and prepare him to be a confidential informant. Two detectives brought the defendant to the police station for the meeting. The counsel who represented the defendant on the burglary charges and at the proffer agreement meeting was not present. The defendant made incriminating statements to the detectives relating to the stabbing. The detectives then administered Miranda warnings (see Miranda v Arizona, 384 US 436, 444-445 [1966]), and obtained a written statement from the defendant in which he inculpated himself in connection with the stabbing.
There was sufficient evidence to support the hearing court’s conclusion that the defendant was not in custody when he voluntarily accompanied the detectives to the police station (see People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]; People v Verrilli, 69 AD3d 963 [2010]; People v Pegues, *778 59 AD3d 570, 571 [2009]; People v Jordan, 21 AD3d 385 [2005]). Further, the court properly found that the detectives were not barred from questioning the defendant about the stabbing despite the fact that he was represented by counsel on a pending burglary charge, as the two charges were unrelated (see People v Cohen, 90 NY2d 632, 640 [1997]; People v Rivera, 277 AD2d 470 [2000]; People v Gehy, 238 AD2d 354 [1997]; People v Marin, 215 AD2d 267 [1995]). Accordingly, the hearing court properly allowed the defendant’s statements to the police to be admitted into evidence.
Contrary to the defendant’s contention, the Supreme Court correctly found that certain notes taken by law enforcement officials in the course of investigating the subject incident did not constitute Rosario material (see People v Rosario, 9 NY2d 286 [1961]), because their contents were not related to the subject matter of the witnesses’ testimony at the pretrial suppression hearing (see People v Bryant, 209 AD2d 630 [1994]; People v James, 207 AD2d 564 [1994]).
Viewing the evidence in the light most favorable to the prosecution, we find that the defendant’s guilt was established by legally sufficient evidence (see People v Contes, 60 NY2d 620, 621 [1983]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643 [2006]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are without merit. Mastro, J.P, Lott, Austin and Cohen, JJ., concur.